**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| SHAYLA DERENNE,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN<br>Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. 2:13-CV-0183-AC<br><br>STIPULATION AND ORDER FOR THE AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920 |

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Plaintiff be awarded attorney fees and expenses in the amount of FIVE THOUSAND DOLLARS ($5,000.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and costs in the amount of FIFTY DOLLARS ($50.00) under 28 U.S.C. § 1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

1

1 After the Court issues an order for EAJA fees and costs to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and costs to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees and costs are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and costs is entered, the government will determine whether they are subject to any offset.

Fees and costs shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Rick Peasley, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees, expenses, and costs, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees, expenses, and costs in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated:  October 9, 2014          By:     */s/ Rick Peasley*
                                         RICK PEASLEY


                                         BENJAMIN B. WAGNER
                                         United States Attorney

Dated: October 16, 2014          By:     */s/ Theophous H. Reagans*
                                         THEOPHOUS REAGANS
                                         Special Assistant United States Attorney
                                         Attorneys for Defendant

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATE: October 30, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE